JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _Wayne_

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jessica Ostrowski

## DEFENDANTS

Charter County of Wayne, et. al.

**(b)** County of Residence of First Listed Plaintiff   _Wayne_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _Wayne_
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph M. Xuereb (P40124) / John R. Badeen (P71014) / Thomas W. DeLano (P87592)
39209 Six Mile Rd., Suite 165, Livonia, MI 48152
(734) 455-2000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42:1983cv (42:1983 Civil Rights Act)

Brief description of cause: **Deprivation of Due Process**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS **A CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  **7/23/26**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes
                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSICA OSTROWSKI,

       Plaintiffs,

v

CHARTER COUNTY OF WAYNE,
LOKMAN SUNG, M.D,
individually and as Wayne County
Chief Medical Examiner, BRITTNIE
PIMENATA, M.S., individually and
as Wayne County Medical
Examiner's Office Investigator,
CITY OF INKSTER, TAMIKA
JENKINS, as Inkster Police Chief,
OFFICER JOHN DOE, individually
and as Inkster Police Officer,
JASON KAYE, as Inkster Fire
Chief, and FIREFIGHTER JOHN
DOE, individually and as Inkster
Firefighter.

       Defendants.

Case No:
Hon:

**COMPLAINT**

.

---

Joseph M. Xuereb (P40124)
John R. Badeen (P71014)
Thomas W. DeLano (P87592)
**XUEREB LAW GROUP**
Attorneys for Plaintiffs
39209 Six Mile Rd., Ste 165
Livonia, MI 48152
734-455-2000
jxuereb@xuereblawgroup.com

---

Page **1** of **14**

Ostrowski – Complaint

## COMPLAINT

There are no other prior civil actions arising out of the transaction or occurrence alleged in this complaint.

_____
Thomas W. DeLano (P87592),
Attorney for Plaintiff

Plaintiff, JESSICA OSTROWSKI, through her attorneys, XUEREB LAW GROUP PC, by Thomas W. DeLano, John R. Badeen, and Joseph M. Xuereb, for her complaint, alleges deprivations of due process under color of state law in violation of federal and Michigan law:

## JURISDICTION AND VENUE

1.     The events giving rise to this action took place in Wayne County, Michigan.

2.     This Court has jurisdiction over plaintiffs' claims under 42 U.S.C. §§ 1983 and 1988 and under Michigan law pursuant to 28 U.S.C. §§ 1331 and 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

4.     Therefore, jurisdiction and venue are properly exercised in this Court.

## PARTIES

5.     Plaintiff JESSICA OSTROWSKI is an individual residing in Wayne County, MI.  Plaintiff Ostrowski is the mother of decedent, ETHAN BENNETT.

Page **2** of **14**

Ostrowski – Complaint

6.     Defendant, CHARTER COUNTY OF WAYNE, is a governmental entity and municipality incorporated under the laws of Michigan for purposes of liability under 42 U.S.C. § 1983.

7.     Defendant, LOKMAN SUNG, M.D., is the Chief Medical Examiner for the Wayne County Medical Examiner's Office ( "WCMEO") and is responsible for the oversight, supervision, discipline, and training of WCMEO personnel.  Dr. LokMan Sung is named in his official capacity.

8.     Defendant BRITTNIE PIMENATA, M.S., is an investigator for WCMEO and is named in her individual and official capacities.

9.     Defendant, WAYNE COUNTY, is the body responsible for the official policies of WCMEO, as well as their unofficial customs and practices

10.    Defendant, CITY OF INKSTER, is a governmental entity and municipality incorporated in Wayne County under the laws of Michigan for purposes of liability under 42 U.S.C. § 1983.

11.    Defendant, TAMIKA JENKINS, is Chief of the Inkster Police Department ("IPD") and is responsible for the oversight, supervision, discipline, and training of IPD personnel.  Chief Jenkins is named in her official capacity.

12.    Defendant, OFFICER JOHN DOE, is a currently unknown City of Inkster Police Officer who acted under color of state law and is a "person" for

Ostrowski – Complaint

purposes of liability under 42 U.S.C. § 1983. Defendant Officer Doe is named in their individual and official capacities.

13. Defendant, JASON KAYE, is Chief of the Inkster Fire Department ("IFD") and is responsible for the oversight, supervision, discipline, and training of IFD personnel. Chief Kaye is named in his official capacity.

14. Defendant, CITY OF INKSTER, is the body responsible for the official policies of IPD and IFD, as well as their unofficial customs and practices.

15. All events described in this complaint occurred in the City of Inkster and the State of Michigan.

## FACTUAL ALLEGATIONS

16. Decedent Ethan Bennett, while riding a motorcycle, was involved in a fatal traffic wreck at about Michigan Avenue and Harrison Street in Inkster, Michigan, on July 28, 2023.

17. Ethan suffered a catastrophic head injury during the wreck.

18. Inkster Police was the first law enforcement authority to arrive at the location.

19. The Inkster Police Investigator's Report described arriving at the scene of the wreck to find Ethan with his brain "fully removed from his skull" with "skull fractures and hair from the deceased scattered around the parking lot and the cement parking blocks."

Page **4** of **14**

Ostrowski – Complaint

20.     The report of Officer D. Gibbs states that "Investigator Pimenatal from the Medical Examiner's Office made the location and retrieved the deceased shortly after being contacted by WRT."

21.     Likewise, the report of Detective Montreal Clary states, "WCMEO arrived on scene to take possession of the body and all body parts that had been separated.  IFD made the location to conduct a wash down."

22.     MSP Sergeant Brandon Buzanowski was contacted at 4:15 PM on July 28, 2026, by Lieutenant Bob Amore of the Western Wayne Crash Team and informed that his assistance was necessary.

23.     Sgt. Buzanowski observed "suspected human bio on the parking lot" during the course of his investigation of the fatal crash.

24.     The Medical Examiner's Postmortem Report stated, "Internally, no brain matter was present."

25.     The Postmortem Report further stated, "Received separate from the body was a portion of posterior parietal and occipital scalp (7 x 6 inch) with multiple attached fragments of fractured calvarium and 500 gm of pulpified brain tissue."

26.     However, the average weight of an adult male's brain is 1400 grams.

*27.*     After the scene of the accident was formally released, plaintiff was horrified to discover that large pieces of Ethan's brain and scalp not only ***remained left behind on the pavement but were also found in a common garbage bin.***

28.    Plainly, the scene was released even though Ethan's bodily remains were not properly removed with the respect due under the circumstances.

29.    The insensitive and improper handling of Ethan's bodily remains has caused plaintiff significant emotional suffering and mental anguish.

## COUNT I: DEPRIVATION OF MICHIGAN AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS (PIMENATA, OFFICER JOHN DOE, FIREFIGHTER JOHN DOE)

30.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 29, above.

31.    In Michigan, the decedent's next of kin possesses a clearly established common-law right, akin to a property right, to respectfully dispose of the body of the deceased, possess the body for burial, and prevent its mutilation.

32.    A next of kin's interest in a decedent's bodily remains qualifies as a property interest constitutionally protected by the Fourteenth Amendment of the United State Constitution's prohibition on deprivations of property by states without due process of law.

33.    Likewise, a next of kin's interest in a decedent's bodily remains qualifies as a property interest constitutionally protected by Article 1, section 17 of the Michigan Constitution's prohibition on deprivations of property without due process of law.

34. Interference under color of state law with the clearly established right to respectfully dispose of the body of the deceased, possess the body for burial, and prevent its mutilation is actionable as a deprivation of due process pursuant to 42 U.S.C. § 1983.

35. Defendant Pimenata, by her intentional acts or grossly negligent omissions, deprived plaintiff of due process by mutilating Ethan's bodily remains when she purportedly took possession of "all body parts that had been separated" but, in fact, left significant portions of Ethan's brain, skull, and scalp at the scene.

36. Defendant Officer John Doe, by their intentional acts or grossly negligent omissions, deprived plaintiff of due process by mutilating Ethan's bodily remains when they released the scene of Ethan's death without first verifying that Ethan's bodily remains had been properly handled with the respect owed to a deceased individual and their family.

37. Defendant Firefighter John Doe, by their intentional acts or grossly negligent omissions, deprived plaintiff of due process by conducting a "wash down" of the scene of Ethan's death without properly preserving Ethan's bodily remains for burial, instead improperly disposing of or leaving behind large portions of Ethan's brain, skull, and scalp at the scene.

38. Defendants' conduct was reckless and showed callous indifference toward plaintiff's rights.

Ostrowski – Complaint

39.     Defendants' deprivation of due process factually and proximately caused plaintiff's consequential damages including but not limited to severe emotional distress and mental anguish.

THEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants Investigator Pimenata, Ofc. Doe, and Firefighter Doe, ordering the following relief:

A. Awarding actual economic damages as established at trial;

B. Awarding compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, trauma, fear, anxiety, loss of enjoyment of life, and other non-pecuniary losses;

C. Awarding punitive and exemplary damages in an amount to be determined at trial;

D. Awarding costs and attorneys' fees wrongfully sustained pursuant to 42 U.S.C. § 1988; and

E. Awarding any other relief that this Court deems just and equitable.

## COUNT II: INTENTIONAL MUTILATION OF A CORPSE
## (PIMENATA, OFFICER DOE, FIREFIGHTER DOE)

40.     Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 39, above.

Page **8** of **14**

Ostrowski – Complaint

41. In Michigan, the decedent's next of kin possesses a clearly established common-law right, akin to a property right, to dispose of the body of the deceased, possess the body for burial, and prevent its mutilation.

42. Michigan recognizes a common law cause of action for improper withholding or mutilation of bodily remains.

43. Defendant Pimenata, by her intentional acts or grossly negligent omissions, improperly withheld or mutilated Ethan's bodily remains when she purportedly took possession of "all body parts that had been separated" but, in fact, left significant portions of Ethan's brain, skull, and scalp at the scene.

44. Defendant Officer John Doe, by their intentional acts or grossly negligent omissions, improperly withheld or mutilated Ethan's bodily remains when they released the scene of Ethan's death without first verifying that Ethan's bodily remains had been properly handled with the respect owed to a deceased individual and their family.

45. Defendant Firefighter John Doe, by their intentional acts or grossly negligent omissions, improperly withheld or mutilated Ethan's bodily remains by conducting a "wash down" of the scene of Ethan's death without properly preserving Ethan's bodily remains for burial, instead either disposing of or leaving behind large portions of Ethan's brain, skull, and scalp at the scene.

Ostrowski – Complaint

46.     Defendants' conduct was reckless, egregious, arbitrary, and showed callous indifference toward plaintiffs' rights that shocks the conscious.

47.     Defendants' deprivation of due process factually and proximately caused plaintiffs consequential damages and severe emotional distress and mental anguish.

THEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants Pimenata, Ofc. Doe, and Firefighter Doe, ordering the following relief:

    A. Awarding actual economic damages as established at trial;

    B. Awarding compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, trauma, fear, anxiety, loss of enjoyment of life, and other non-pecuniary losses;

    C. Awarding punitive and exemplary damages in an amount to be determined at trial;

    D. Awarding costs and attorneys' fees wrongfully sustained pursuant to 42 U.S.C. § 1988; and

    E. Awarding any other relief that this Court deems just and equitable.

Ostrowski – Complaint

## COUNT III: MAINTENANCE OF AN UNLAWFUL POLICY OR CUSTOM (WAYNE COUNTY, DR. SUNG, CITY OF INKSTER, CHIEF JENKINS, OFFICER DOE, AND CHIEF KAYE)

48. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 47, above.

49. The WCMEO has demonstrated a pattern of failing to adequately train or supervise its employees or agents that resulted in a 2022 investigation by the Michigan Auditor General into the WCMEO deficient practices.

50. The Chief Medical Examiner and the WCMEO failed to reasonably train and supervise WCMEO agents and employees regarding the proper handling of bodily remains.

51. The Chief Medical Examiner and the WCMEO's acts or omissions violated plaintiff's federal constitutional rights and were a substantial and significant contributing cause and proximate cause of plaintiff's damages because reasonable training and supervision would have prevented significant portions of Ethan's bodily remains from being separated and left behind in a parking lot and public garbage can.

52. The Chief Medical Examiner and the WCMEO's acts or omissions in the present matter are further evidence that WCMEO has not resolved its deficient practices.

Ostrowski – Complaint

53. The unlawful, improper, and disrespectful treatment of Ethan's bodily remains is further evidence of the Chief Medical Examiner and the WCMEO's custom of tolerance of or acquiescence to violations of constitutional rights.

54. The Charter County of Wayne is ultimately responsible for the promulgation of policies, customs, practices, and training of WCMEO employees, agents, and personnel.

55. The Inkster Chief of Police and the IPD failed to reasonably train and supervise their agents and employees regarding the proper handling of bodily remains.

56. The Inkster Chief of Police and the IPD's acts or omissions violated plaintiff's federal constitutional rights and were a substantial and significant contributing cause and proximate cause of plaintiff's damages because reasonable training and supervision would have prevented significant portions of Ethan's bodily remains from being separated and left behind in a parking lot and public garbage can.

57. The Inkster Fire Chief and the IFD failed to reasonably train and supervise WCMEO agents and employees regarding the proper handling of bodily remains.

58. The Inkster Fire Chief and the IFD's acts or omissions violated plaintiff's federal constitutional rights and were a substantial and significant

Ostrowski – Complaint

contributing cause and proximate cause of plaintiff's damages because reasonable training and supervision would have prevented significant portions of Ethan's bodily remains from being separated and left behind in a parking lot and public garbage can.

59.  The City of Inkster is ultimately responsible for the promulgation of policies, customs, practices, and training of IPD and IFD employees, agents, and personnel.

60.  Officer Doe, an official with final decision-making authority at the scene, ratified the illegal actions of Investigator Pimenata and Firefighter Doe by releasing the scene without verifying that Ethan's bodily remains were appropriately cared for with all due respect under the circumstances.

61.  Defendants' conduct was reckless and showed callous indifference toward plaintiff's rights.

62.  Defendants' deprivation of due process factually and proximately caused plaintiff's consequential damages and severe emotional distress and mental anguish.

THEREFORE, plaintiffs respectfully request that this Court enter judgment against defendants Wayne County, Dr. Sung, City of Inkster, Chief Jenkins, Ofc. Doe, and Chief Kaye, ordering the following relief:

A. Awarding actual economic damages as established at trial;

Ostrowski – Complaint

B. Awarding compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, trauma, fear, anxiety, loss of enjoyment of life, and other non-pecuniary losses;

C. Awarding punitive and exemplary damages in an amount to be determined at trial;

D. Awarding costs and attorneys' fees wrongfully sustained pursuant to 42 U.S.C. § 1988;

E. Entering appropriate injunctive relief regarding the promulgation and implementation of proper policies and procedures for the handling of bodily remains by the Count III defendants; and

F. Awarding any other relief that this Court deems just and equitable.

Respectfully submitted,

**XUEREB LAW GROUP PC**

By: _____

Joseph M. Xuereb (P40124)
Thomas W. DeLano (P87592)
Attorneys for Defendant
39209 Six Mile, Suite 165
Livonia, Michigan 48152
(734) 455-2000

Dated: July 22, 2026

Page **14** of **14**

Ostrowski – Complaint